IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2015 NOV 20 P 1:10
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TIMOTHY STUBBS, | |
| Petitioner, | |
| vs. | Case No. 1:15-cv-872-MHT |
| JEFFERSON S. DUNN, | |
| Commissioner of the Alabama Department of Corrections, | |
| Respondent. | |

**PETITION FOR WRIT OF HABEAS CORPUS
BY PRISONER IN STATE CUSTODY**

Petitioner Timothy Stubbs, now incarcerated at St. Clair Correctional Facility in Springville, Alabama, respectfully petitions this Court for relief from his unconstitutionally-imposed sentence.

## I. INTRODUCTION

1. Mr. Stubbs is currently serving a mandatory sentence of life imprisonment without parole for an offense that occurred when he was only 17 years old. In Miller v. Alabama, 132 S. Ct. 2455 (2012), the United States Supreme Court

1

clearly established that it is cruel and unusual punishment to sentence a child to a mandatory sentence of life without parole. Id. at 2475.

2. Despite Miller's clear invalidation of Mr. Stubbs's mandatory life-without-parole sentence, the Alabama courts denied Mr. Stubbs relief under Miller, refusing to apply it to his case. The state courts' failure to grant Mr. Stubbs relief from his unconstitutional mandatory life-without-parole sentence warrants habeas relief from this Court.

## II. PROCEDURAL HISTORY

3. On March 20, 1989, in the Coffee County Circuit Court, Mr. Stubbs pleaded guilty to one count of capital murder-robbery, Ala. Code § 13A-5-40(a)(2), arising out of an incident that occurred on July 25, 1985. Mr. Stubbs was born in May 1968 and was therefore 17 years old at the time of the offense.

4. On May 30, 1989, Mr. Stubbs was sentenced to life imprisonment without parole. The life-without-parole sentence was the mandatory minimum sentence for a 17-year-old child convicted of capital murder in Alabama. See Ala. Code § 13A-6-2(c); Roper v. Simmons, 543 U.S. 551, 578 (2005).

5. On June 25, 2012, the United States Supreme Court held that mandatory sentencing schemes "requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related

characteristics and the nature of their crimes" violate the Eighth Amendment's ban on cruel and unusual punishment. Miller v. Alabama, 132 S. Ct. 2455, 2475 (2012).

6. In light of Miller, on December 20, 2012, Mr. Stubbs filed a petition for relief from judgment pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, challenging his illegal mandatory life-without-parole sentence. See Ala. R. Crim. P. 32.1(a), (b), (c).

7. On February 4, 2014, the Coffee County Circuit Court issued an order denying Mr. Stubbs's petition on the grounds that Mr. Stubbs was not entitled to relief because Miller does not apply retroactively to cases on collateral review. Circuit Court Order, Stubbs v. State, No. CC-1985-27.60 (Coffee Cnty. Ala. Cir. Ct. Feb. 4, 2014). The circuit court did not address whether Mr. Stubbs's sentence violated the rule established by Miller.

10. Mr. Stubbs filed a notice of appeal on March 13, 2014. On September 19, 2014, the Alabama Court of Criminal Appeals affirmed the circuit court's order in a memorandum opinion. Stubbs v. State, No. CR-13-0867 (Ala. Crim. App. Sept. 19, 2014). The Court of Criminal Appeals did not address whether Mr. Stubbs's sentence violated the rule established by Miller, but instead held that Miller was not retroactive and, therefore, Mr. Stubbs was not entitled to relief.

11. On October 17, 2014, Mr. Stubbs filed an application for rehearing and

3

supporting brief in the Court of Criminal Appeals. This application for rehearing was overruled on October 24, 2014.

12. Mr. Stubbs filed his petition for writ of certiorari to the Alabama Court of Criminal Appeals with the Alabama Supreme Court on November 7, 2014.

13. On May 26, 2015, the Alabama Supreme Court denied Mr. Stubbs's petition for writ of certiorari.

14. This petition is Mr. Stubbs's first and only application for federal habeas corpus relief. The present petition was filed less than one year from June 25, 2012, the day that Miller was decided, not including the time in which Mr. Stubbs was pending in state court on these claims, and is therefore timely.

8. On March 23, 2015, the United States Supreme Court granted certiorari in Montgomery v. Louisiana, 135 S. Ct. 1546 (2015) (mem.), which presents the question of whether the rule announced in Miller applies retroactively to a case on collateral review. Oral arguments in Montgomery were held at the Supreme Court on October 13, 2015, and a decision is expected this term.

4

## III. GROUNDS SUPPORTING THE PETITION FOR RELIEF

9. Mr. Stubbs is entitled to habeas relief because his sentence violates the the United States Supreme Court's decision in Miller v. Alabama, 132 S. Ct. 2455 (2012). In addition, the Alabama courts' denial of relief was contrary to, and involved an unreasonable application of, federal law clearly established by the United States Supreme Court in Miller. See 28 U.S.C. § 2254(d)(1).

10. In Miller, the United States Supreme Court held that mandatory sentencing schemes "requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes" violate the Eighth Amendment's ban on cruel and unusual punishment. 132 S. Ct. at 2475. The Court emphasized three reasons in determining that mandatory life-without-parole sentences for juveniles convicted of homicide offenses are unconstitutional. These reasons are supported, not only by what "any parent knows," but also by developments in brain science and psychology, which have further confirmed, since the Court's decisions in Graham v. Florida, 560 U.S. 48 (2010), and Roper v. Simmons, 543 U.S. 551 (2005), that adolescents substantially differ from adults in ways that are relevant to their culpability. Miller, 132 S. Ct. at 2464–65 & n.5; Graham, 560 U.S. at 68–69; Roper, 543 U.S. at 569–70.

11. First, the Court noted that children's "lack of maturity" and "underdeveloped sense of responsibility" can cause them to engage in behavior that is reckless, impulsive, and heedlessly risk-taking. Miller, 132 S. Ct. at 2464 (quoting Roper, 543 U.S. at 569). Second, the Court relied on children's "vulnerab[ility] . . . to negative influences and outside pressures," coupled with their limited control over their own environment and inability to "extricate themselves from horrific, crime-producing settings." Id. Third, the Court observed that "a child's character is not as 'well formed' as an adult's"; consequently, a child's actions are "less likely to be 'evidence of irretrievabl[e] deprav[ity].'" Id. (quoting Roper, 543 U.S. at 570).

12. These characteristics "diminish the penological justifications" —retribution, deterrence, and incapacitation—"for imposing the harshest sentences on juvenile offenders, even when they commit terrible crimes." Miller, 132 S. Ct. at 2465. Additionally, life without parole "'forswears altogether the rehabilitative ideal'" and requires a determination that an offender is incorrigible, which is "at odds with a child's capacity for change." Id. at 2465 (quoting Graham, 560 U.S. at 74).

13. Consequently, "youth matters" in determining an appropriate sentence for a juvenile offender, and a defendant's child status, along with other relevant mitigating factors related to age, must be taken into consideration by the sentencing court. Miller, 132 S. Ct. at 2465, 2467 (observing "youth is more than a

chronological fact"; it is marked by "immaturity, irresponsibility, impetuousness, and recklessness" (internal citations and quotation marks omitted)). Thus, individualized sentencing, in which the Court considers mitigating circumstances, is required for determining the appropriate sentence for a child exposed to a sentence of life without the possibility of parole. Id. at 2468. Most important among these mitigating circumstances is youth and the "wealth of characteristics and circumstances attendant to it." Id. at 2467.

14. In addition to youth, Miller requires sentencing courts to consider, in order to determine the proper sentence for a juvenile convicted of a homicide, "the extent of [the defendant's] participation in the conduct and the way familial and peer pressures may have affected him," as well as the fact that a juvenile "might have been charged and convicted of a lesser offense if not for incompetencies associated with youth" that hinder his ability to assist his attorney and to deal with police and prosecutors. 132 S. Ct. at 2468. Courts must also consider the possibility of rehabilitation. Id. When these factors are considered, "appropriate occasions for sentencing juveniles to this harshest possible penalty will be *uncommon*." Id. at 2469 (emphasis added).

15. Mr. Stubbs was convicted of capital murder and sentenced to life without parole for a crime that occurred when he was only 17 years old. Life without parole

was the mandatory minimum sentence for a 17-year-old child convicted of capital murder in Alabama at the time. See Ala. Code § 13A-6-2(c); see also Roper, 543 U.S. at 578; Miller, 132 S. Ct. at 2462-63. By any reasonable application of Miller, Mr. Stubbs's mandatory life-without-parole sentence violates the Eighth Amendment's prohibition against cruel and unusual punishments. See 132 S. Ct. at 2475.

16. The claims presented in this petition have been presented to the highest state court in Alabama and have, therefore, been exhausted.

17. By refusing to apply Miller retroactively, the state courts failed to rule on the merits of Mr. Stubbs's properly presented claim for Miller relief. Because this claim was not adjudicated on the merits in state court, this Court must review the claim de novo. See Cone v. Bell, 556 U.S. 449, 472 (2009); see also Mason v. Allen, 605 F. 3d 1114, 1119 (11th Cir. 2010) (citing Cone). Alternatively, the state courts' refusal to apply Miller to Mr. Stubbs was contrary to, and involved an unreasonable application of, the United States Supreme Court's decision in Miller. See 28 U.S.C. § 2254(d)(1). Mr. Stubbs is therefore entitled to habeas relief.

**PRAYER FOR RELIEF**

For all the above stated reasons, and any other such reasons as may be made upon amendment of this petition, Timothy Stubbs respectfully asks this Honorable Court to grant him the following relief:

    (A)    Stay the proceedings for this petition pending resolution of Montgomery v. Louisiana, 135 S. Ct. 1546 (2015) (mem.), by the United States Supreme Court;

    (B)    Issue a writ of habeas corpus granting petitioner relief from his unconstitutionally imposed sentence;

    (C)    Order that the petitioner be released from state custody unless, within 90 days, the State of Alabama provides him with a new sentencing hearing;

    (D)    If the Court determines there is a need for further factual development, grant petitioner an evidentiary hearing on the claims presented in this petition;

    (E)    Permit petitioner an opportunity to brief and argue the issues presented in this petition;

    (F)    Afford petitioner an opportunity to reply to any responsive pleading filed by respondent;

(G) Grant such further relief as may be appropriate and to dispose of the matter as law and justice require.

Respectfully submitted this 20th day of November, 2015,

*/s/ Stephen Chu*
STEPHEN CHU, ESQ.
Alabama Bar No. ASB-4228-E49C
Attorney for Mr. Stubbs
Equal Justice Initiative
122 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-1803
Fax: (334) 269-1806
E-mail: schu@eji.org

## ATTORNEY'S VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 20th day of November, 2015.

 

*Stephen Chu*
STEPHEN CHU, ESQ.
Alabama Bar No. ASB-4228-E49C
Attorney for Mr. Stubbs
Equal Justice Initiative
122 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-1803
Fax: (334) 269-1806
E-mail: schu@eji.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2015, a copy of the foregoing was served by first-class mail on:

Luther Strange
Lauren A. Simpson
Office of the Attorney General
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130-0152

_____
STEPHEN CHU, ESQ.